UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:23-CR-41-REW-HAI-2 |
| v. | ) | |
| | ) | ORDER |
| TYLER ALLEN, | ) | |
| *also known as* Pablo, | | |
| | | |
| Defendant. | | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 84 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Tyler Allen's guilty plea and adjudge him guilty of a lesser-included offense of Count One of the Indictment (DE 10). *See* DE 85 (Recommendation); *see also* DE 77 (Plea Agreement). Judge Ingram expressly informed Allen of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 85 at 2–3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 85, **ACCEPTS** Allen's guilty plea, and **ADJUDGES** Allen guilty of a lesser-included offense of Count One of the Indictment (the original alleged crime, but with no aggravated quantity); and

2. The Court will issue a separate sentencing order.[1]

This the 16th day of October, 2024.

Signed By:
Robert E. Wier /REW/
United States District Judge

---

[1] At the hearing, Judge Ingram remanded Allen to custody. *See* DE 84. This was his status pretrial. *See* DE 5. Absent an intervening order, Allen will remain in custody pending sentencing.